# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**VICTORIA ROCHELLE TEDFORD**                                                      **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 4:18-CV-113-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

## ORDER

Plaintiff seeks an award of attorney's fees of $5,275.62 paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Section 2412(d). Docket 19. Consistent with the Order Granting Plaintiff's Motion to Proceed In Forma Pauperis (Docket 3), Plaintiff also requests the filing fee expense of $400.00, and reimbursement of the $24.00 paid to the U.S. Marshals Service for service of process. *Id.*

Defendant does not object to the amount of fees requested but does object to Plaintiff's request that the award of fees be made directly to Plaintiff's counsel. Docket 20. Defendant asserts that under *Astrue v. Ratliff*, attorney's fees under the Equal Access to Justice Act must be made payable to Plaintiff. *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

Citing 42 U.S.C. §1915(f)(1), the Commissioner opposes Plaintiff's request for the filing fee costs, stating that "an award for such costs against the United States is barred in this case." *Id*. Section 1915(f)(1) states "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred." 28 U.S.C. § 1915 (f)(1).

The Court in *Clements v. Colvin* explained that "[c]ourts interpreting this statute have consistently held that costs cannot be award against the United States in an *in forma pauperis* appeal." *Clements*, No. 3:15CV20-DAS, 2015 WL 6554482, at *2 (N.D. Miss. Oct. 29,

2015). However, the *Clements* Court acknowledged the inherent contradiction between the EAJA and the *in forma pauperis* statute this precedent creates. "The objective of the EAJA is clear: to eliminate the financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority." *Id*. (quoting *United States v. Claro,* 579 F.3d 452, 466 (5th Cir.2009)). Similarly, the *in forma pauperis* statute "is designed to ensure that indigent litigants have meaningful access to the federal courts, and that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs' of litigation." *Id*. (internal citations omitted). Yet, in this context, § 1915 prevents a plaintiff proceeding *in forma pauperis* from recovering costs incidental to litigation from the United States of America. The *Clemson* Court recognized that "[u]nder this framework, truly indigent litigants are faced with a Hobson's choice: either proceed *in forma pauperis* and forfeit their rights under the EAJA, or forfeit their rights under § 1915 (if possible) and recover the costs they incurred defending against unjustified government action." *Id*.

Acknowledging this quandary, Plaintiff's request for reimbursement of the $24.00 fee paid to the U.S. Marshals Service for service of process is denied, and Plaintiff is relieved of the obligation to pay the $400 filing fee to the Clerk of Court. Plaintiff's motion for an EAJA award is granted, and Plaintiff is entitled to $5,275.62 in attorney's fees. It is

**ORDERED**

That Defendant pay Plaintiff $5,275.62 in attorney's fees for a total EAJA award of $5,275.62. This award is to be paid to Plaintiff for the benefit of his attorney, Thomas U. Reynolds.

**SO ORDERED**, this the 29th day of April, 2019.

/s/ Roy Percy  
UNITED STATES MAGISTRATE JUDGE